U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 28 2015
CLERK, U.S. DISTRICT COURT
By ______
Deputy

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

AVAN NGUYEN

Criminal No. 4:15-CR-185-A

PLEA AGREEMENT

Avan Nguyen, the defendant; Richard B. Roper, the defendant's attorney; and the United States of America (the government) agree as follows:

1. **Rights of the defendant:** Nguyen understands that he has the right

a. to have his case presented to the grand jury;

b. to plead not guilty;

c. to have a trial by jury;

d. to have his guilt proven beyond a reasonable doubt;

e. to confront and cross-examine witnesses and to call witnesses in his defense;

f. to have the case against him presented to a federal grand jury; and

g. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty:** Nguyen waives these rights and pleads guilty to the offense alleged in Count One of the Information, charging a violation of 26 U.S.C. § 7206(2), that is, aiding and assisting in the preparation and presentation of a false and fraudulent return, statement, or other document. Nguyen understands the

nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence:** The maximum penalties the Court can impose include:

a. imprisonment for a period not more than three years;

b. a fine not to exceed $100,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

c. a term of supervised release of not more than one year, which may be mandatory under the law and will follow any term of imprisonment. If Nguyen violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

d. a mandatory special assessment of $100.00;

e. restitution to victims or to the community, which may be mandatory under the law, and which Nguyen agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

f. costs of incarceration and supervision.

4. **Court's sentencing discretion and role of the Guidelines:** Nguyen understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Nguyen has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Nguyen will not be allowed to withdraw his plea if his sentence is higher than expected. Nguyen fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment:** Prior to sentencing, Nguyen agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's agreement:** Nguyen shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Nguyen shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Nguyen expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. Nguyen fully understands that any financial obligation imposed by the Court, including the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of a fine, Nguyen agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. Nguyen understands that he has a continuing obligation to pay in full, as soon as possible, any financial obligation imposed by the Court.

7. **Defendant's agreement to pay restitution:** Nguyen agrees to pay restitution pursuant to 18 U.S.C. § 3663(a)(3) to the Internal Revenue Service (IRS) as ordered by the court in any restitution order. Nguyen further agrees that he will sign any IRS forms deemed necessary by the IRS, which includes IRS Form 8821, Tax Authorization, to enable IRS to make an immediate assessment of any portion of the tax

and interest that he is ordered to pay as restitution. Nguyen agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to the court's restitution order. Nguyen agrees that he is liable for the fraud penalty under 26 U.S.C. §§ 6663 or 6651(f), and agrees to the immediate assessment of the fraud penalty on the amount to be credited to tax, pursuant to the court's restitution order. In order to enable the IRS to make an immediate assessment of the fraud penalty, Nguyen agrees that the IRS form he agreed to sign will include the appropriate amount of the fraud penalty, and he agrees not to challenge or dispute any fraud penalties. The parties understand that Nguyen will receive proper credit for the payments made pursuant to this agreement. Except as previously stated, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties, or interest due from Nguyen. Nguyen agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise his obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties owed to the IRS for the time period covered by this agreement or any other time period.

8. **Forfeiture of property:** Desiring to resolve all civil forfeiture matters related to this criminal case (including the government's seizure of approximately $3,525,883.95 in funds and U.S. currency from Nguyen's bank accounts and business in March 2013 and May 2013 that resulted in an administrative forfeiture proceeding by IRS-CI) in a global settlement, Nguyen agrees to forfeit $1,100,000 of the seized property (the property) to the government, agreeing that the property is subject to forfeiture

pursuant to 31 U.S.C. § 5317(c). Nguyen agrees to no longer contest the administrative forfeiture or any subsequent judicial forfeiture proceeding against the property and consents to the entry of a final judgment of forfeiture against the funds in that case. Nguyen agrees to provide truthful information and evidence necessary for the government to effect the forfeiture of the funds; and agrees to take all steps requested by the government at any time to pass clear title to the property, including the execution of any and all documents necessary to transfer title or any other interest he holds in the property. Nguyen agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of the property.

9. **Government's agreement:** The government will not bring any additional charges against Nguyen based upon the conduct underlying and related to his plea of guilty. ~~The government will file a Supplement in this case, as it routinely does in every case, even though there may or may not be any additional terms~~. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Nguyen or any property.

10. **Violation of agreement:** Nguyen understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Nguyen for all offenses of which it has knowledge. In such event, Nguyen waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a

finding that it was involuntary, Nguyen waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

11. **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12. **Waiver of right to appeal or otherwise challenge sentence:** Nguyen waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and/or order of restitution or forfeiture in an amount to be determined by the district court. He further waives his right to contest the conviction, sentence, fine and/or order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Nguyen, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

BPoE RR

13. **Representation of counsel:** Nguyen has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Nguyen has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Nguyen has

concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14. **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 22nd day of July, 2015.

JOHN R. PARKER
Acting United States Attorney

BRIAN D. POE
Assistant United States Attorney
Northern District of Texas
Texas State Bar No. 24056908
1100 Commerce St., Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8670
Facsimile: 214-659-8803
E-mail: brian.poe@usdoj.gov

CHAD MEACHAM
Criminal Chief

[NOTHING FURTHER ON THIS PAGE]

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

AVAN NGUYEN
Defendant

7-22-15
Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

RICHARD B. ROPER
Attorney for Defendant

7-22-2015
Date